Matter of 156 W. 15th St. Chelsea L.L.C. v City of New York (2023 NY Slip Op 00923)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of 156 W. 15th St. Chelsea L.L.C. v City of New York

2023 NY Slip Op 00923

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023
Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 


Index No. 153126/19 Appeal No. 17353 Case No. 2020-03263 

[*1]In the Matter of 156 West 15th Street Chelsea L.L.C., Petitioner-Appellant,
vCity of New York, Respondent-Respondent.

Law Office of Kent Gubrud, New York (Kent L. Gubrud of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.

Order and judgment (one paper) of the Supreme Court, New York County (Verna L. Saunders, J.), entered January 9, 2020, denying the petition to annul the November 8, 2018 and November 29, 2018 determinations of respondent City, by its Office of Administrative Trials and Hearings (OATH), which, after hearings found, that petitioner allowed apartments in its building to be occupied for transient use in violation of the law and its certificate of occupancy, the building did not comply with code requirements for means of egress and fire alarm systems applicable to transient-use housing, and it did not have authority to consider petitioner's constitutional arguments, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In this proceeding, petitioner alleges only that OATH's refusal to consider the various constitutional arguments that it asserted in writing and orally on the respective records effected a deprivation of its right to due process, and thus was arbitrary and capricious. We disagree.
The record demonstrates that petitioner was given "the opportunity to be heard 'at a meaningful time in a meaningful manner,'" before it was found to have violated the transient use and related provisions and before fines were issued (Mathews v Eldridge , 424 US 319, 333 [1976], quoting Armstrong v Manzo , 380 US 545, 552 [1965]; see also NY City Charter § 1046[a]-[c]; 48 RCNY 6-11[d]). Petitioner does not dispute that service of the notices of violation were valid, that it was allowed to make a record of its arguments before OATH, or that it failed to move to vacate defaults on two of the violation notices.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023